UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GE'MICAH VOLTER-JONES, § | |
| *Plaintiff* § | |
| § | |
| v. § | No.  1:22-CV-00511-RP |
| § | |
| CITY OF AUSTIN; EDWARD § | |
| BOUDREAU, POLICE OFFICER; § | |
| AND DERRICK LEHMAN, § | |
| POLICE OFFICER; § | |
| *Defendants* § | |

**ORDER**

Before the Court is Defendant City of Austin's Motion to Stay Discovery and Further Proceedings, Dkt. 25. The District Court referred the motion to the undersigned for disposition. After considering the briefs and exhibits filed, along with the applicable law, the Court grants the City's motion.

**I.   BACKGROUND**

This is one of several civil cases filed against the City of Austin and various Austin Police Department officers over officer conduct during protests that took place in Austin in late May 2020. Dkt. 1, at 3. Plaintiff, Ge'Micah Volter-Jones, alleges that he was injured when officers, including the Defendant Officers here, fired "less-than-lethal Kinetic Impact Projectiles" into the crowd of protesters. *Id.*, at 7-8. Volter-Jones asserts claims under 42 U.S.C. § 1983 against Officers Boudreau and Lehman and against the City. *Id.*, at 9-24. The Court previously granted the Defendant Officers' unopposed motion to stay discovery pending the resolution of the criminal

1

proceedings against them. Dkt. 19. The City did not join this motion; accordingly, the relief granted in that order applied only to the Defendant Officers. *Id.*

The City now seeks to stay discovery and all further proceedings until the pending criminal proceedings against the Defendant Officers are resolved. Dkt. 20. Volter-Jones asserts *Monell*[1] liability against the City—alleging constitutional violations arising from policies, practices, and customs that he contends contributed to the alleged use of excessive force in his case. Dkt. 1, at 9-17. The City argues that, due to the unavailability of testimony from the Defendant Officers and similarly situated officers, it cannot obtain the additional fact and expert discovery it needs and that this prevents the City from adequately preparing its claims and defenses for summary judgment and trial. Dkt. 20, at 2-3.

## II.　　LEGAL STANDARDS

"The Court has broad discretion to stay proceedings in the interest of justice and in order to control its docket." *Raymond v. J.P. Morgan Chase Bank*, No. SA-20-CA-161-OLG, 2020 WL 10731935, at *1 (W.D. Tex. Sept. 24, 2020). "Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (internal quotation marks omitted). "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008); *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("Certainly, a district court may stay a civil proceeding during

---

[1] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978).

the pendency of a parallel criminal proceeding."). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Little Al*, 712 F.2d at 136.

When deciding whether "special circumstances" warrant a stay, courts in the Fifth Circuit have found the following factors relevant: (1) the extent to which the issues in the criminal and civil cases overlap, (2) the status of the criminal case, (3) the private interests of the plaintiffs in proceeding expeditiously, (4) the burden on the defendants, (5) the interest of the courts, and (6) the public interest. *Olson ex rel. H.J. v. City of Burnet*, No. A-20-CV-00162-JRN, 2020 WL 9076545, at *1 (W.D. Tex. July 17, 2020) (citing *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 397-98 (S.D. Tex. 2009)). Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and resolve "the conflict he would face between asserting this right and defending the civil action." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Alcala*, 625 F. Supp. 2d at 397); *see also, e.g.*, *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017) (observing that "less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case").

### III.   DISCUSSION

As noted above, the Court has already stayed discovery in this case as to the Defendant Officers. And the undersigned recently granted a similar motion filed by the City in a related case arising out of officer conduct in the same protests. *See Sanders v. City of Austin*, No. 1:22-CV-00314-RP, Dkt. 72 (W.D. Tex. May 12, 2023);

*see also, e.g.*, *Doe v. City of Austin*, No. 1:22-CV-00299-RP, 2022 WL 4234954, at *7 (W.D. Tex. Sept. 14, 2022) ("[T]he Court finds that a stay of discovery against the City is appropriate because Doe's *Monell* claims against the City are inextricably intertwined with her claims against Dodds."). For the same reasons as those cases,[2] the Court concludes here that the City's requested stay is appropriate. The factors set out above confirm this conclusion.

A.   **Overlap Between the Criminal and Civil Cases**

"The extent to which issues in the criminal case overlap with those presented in the civil case generally is regarded as the most important factor in the analysis." *DeSilva v. Taylor*, No. 1:21-CV-00129-RP, 2022 WL 545063, at *3 (W.D. Tex. Feb. 23, 2022) (internal quotation marks omitted). "Where there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay." *Bean*, 220 F. Supp. 3d at 776. And while some facts related to the City's policies, practices, and customs will not likely feature in the criminal proceedings against the Defendant Officers, Volter-Jones's *Monell* claim is predicated on constitutional violations alleged to have been committed by the Defendant Officers—the same conduct that forms the factual basis of the criminal proceedings pending against them.

As in *Doe*, "[t]o defend against [Volter-Jones]'s allegations that the City's policies and procedures was the moving force behind [the Defendant Officers]' constitutional violations, the City will need discovery from [the Defendant Officers]

---

[2] The City also argues that Volter-Jones's response was filed late and over-length. *See* Dkt. 25, at 1. While the undersigned agrees, the Court declines to grant the motion on this basis, particularly where, as discussed below, the City also prevails on the merits.

and likely must depose [them]. Conversely, in order for [Volter-Jones] to prove that the City is liable under *Monell*, [he] must first demonstrate that [the Defendant Officers] committed a constitutional violation, and that the constitutional violation was caused by the City's policies." 2022 WL 4234954, at *7. Accordingly, this factor, the "most important," weighs in favor of granting a stay. *See, e.g.*, *DeSilva*, 2022 WL 545063, at *3 ("Because there is significant overlap between the issue presented in this case and Defendants' criminal proceedings, there is a significant danger of self-incrimination. The first and most important factor weighs strongly in favor of staying the case.").

### B. Status of the Criminal Case

"The 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter." *Alcala*, 625 F. Supp. 2d at 401. The Defendant Officers have been indicted. Dkts. 17-1, 17-2, 17-3.

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002). Now that the Defendant Officers have been indicted, they are at risk of potentially making incriminating statements in this civil case, thereby precluding their availability as witnesses.

Volter-Jones minimizes this factor, citing various "enforceable public promise[s]" made by Governor Greg Abbott. Dkt. 21, at 9-10. Volter-Jones contends

5

the Governor—on pain of contractual liability if he doesn't follow through—has committed to pardoning the Defendant Officers if they are convicted in their criminal trials. Thus (the argument goes), any concerns the Defendants have about incriminating themselves with testimony in this case are unfounded. Though creative, this argument is meritless. The undersigned concludes that this factor weighs in favor of a stay.

### C.  Plaintiff's Interests

To be sure, Volter-Jones does have an interest in having his claim prosecuted expeditiously. But when evaluating this factor, "courts may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim." *DeSilva*, 2022 WL 545063, at *3. Volter-Jones contends that the delay caused by a stay could "jeopardize the preservation of evidence." Dkt. 21, at 10. But, as in *DeSilva*, Volter-Jones "identifies no discovery that is available now but would be unavailable later should a stay be granted" and "has not alleged that any witnesses will be unable to testify nor that any particular evidence will degrade if a stay is granted." *DeSilva*, 2022 WL 545063, at *3. Volter-Jones's conclusory statements to the contrary fail to tip this factor in his favor. Volter-Jones invokes his gubernatorial-nullification argument here as well, but this novel theory holds no more sway in this context than with the previous factor.

### D.  Burden on Defendant

Absent a stay, the City will be forced to defend against Volter-Jones's claim without the availability of the two witnesses most central to the factual allegations

underlying the claim. In addressing this factor, the best Volter-Jones could muster to distinguish *Doe*, which the undersigned finds is the case most on-point with this one, is to note that the plaintiff in that case was unidentified, while the plaintiff here is identified. It is unclear how this distinction is material to the analysis, and Volter-Jones does not bother to explain. This factor weighs in favor of a stay.

### E.     Interest of the Courts

Volter-Jones correctly argues that the Court has an interest in moving its docket along. Dkt. 21, at 14. But, as the Court in *DeSilva* noted, "granting a stay 'serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy.'" 2022 WL 545063, at *4 (quoting *Jean v. City of Dallas*, No. 3:18-CV-2862-M, 2019 WL 4597580, at *5 (N.D. Tex. Sept. 22, 2019)). Moreover, "[r]esolution of the criminal case may increase prospects for settlement of the civil case and, '[d]ue to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues.'" *Id.* (quoting *Jean*, 2019 WL 4597580, at *5). For all of these reasons, the Court concludes that this factor, too, weighs in favor of a stay.

### F.     The Public Interest

Finally, the Court considers the public's interest. "The public has an interest in the just and constitutional resolution of disputes with minimal delay." *Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *9 (N.D. Tex. Oct. 5, 2015). "The sixth factor typically weighs against the grant of a stay only where, unlike here, a

civil case is pending and no criminal investigation has begun." *DeSilva*, 2022 WL 545063, at *4 (citing *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016)). Moreover, "[w]hile the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Meyers,* 2016 WL 393552, at *7. Accordingly, the final factor also supports a stay.

## IV.     ORDER

The Court **GRANTS** Defendant City of Austin's Motion to Stay Discovery and Further Proceedings, Dkt. 20, and **ORDERS** that all further proceedings in this case are **STAYED** until further order of this Court.

**IT IS FURTHER ORDERED** that this cause of action is removed from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

SIGNED June 8, 2023.

 

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE